UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BERLIN ROBERTS, ) | Civil No. 01cv0057-L(POR) |
| Petitioner, ) ) | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION AS MODIFIED; (2) DENYING PETITION; AND (3) DENYING CERTIFICATE OF APPEALABILITY** |
| v. ) ) | |
| STEVEN CAMBRA, Jr., Interim Director, ) | |
| Respondent. ) | |

Petitioner Christopher Berlin Roberts, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After his conviction for battery producing serious bodily injury, two counts of robbery and one count of carjacking, each while armed with a firearm, one count of firearm possession by a felon, and reckless driving to evade an officer, Petitioner was sentenced to 135 years to life in prison without the possibility of parole under California's Three Strikes law. Petitioner asserts that this sentence constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments. The case was referred to United States Magistrate Judge Louisa S. Porter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). The Magistrate Judge issued a Report and Recommendation recommending the First Amended Petition for Writ of Habeas Corpus ("Petition") be denied. Petitioner filed objections. Respondent did not file a response. For the reasons which follow,

Petitioner's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED AS MODIFIED** herein and the Petition is **DENIED**.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

On August 7, 2009 the Magistrate Judge issued a Report and Recommendation recommending to deny the Petition because, in the context of his prior criminal record, Petitioner's sentence did not raise an inference of gross disproportionality so as to be cruel and unusual and because Petitioner could not challenge the constitutionality of a prior conviction used to enhance the sentence for his current conviction. Petitioner challenges the latter conclusion.

Petitioner's 135-year to life sentence was based in part on a prior residential burglary conviction. Petitioner claims it was legally impossible for him to commit burglary because he resided in the residence which he burglarized. He claims that he pleaded guilty to the burglary due to ineffective assistance of counsel and that his plea was taken in violation if his due process rights because the trial court did not properly establish factual basis for the plea. Petitioner argues that the crime should have been grand theft at most, and that grand theft cannot support a three strikes sentence of 135 years for his current conviction. (Objections at 6-8.)

The extent to which a prior conviction may be subject to a federal habeas challenge is limited. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later

1  used to enhance a criminal sentence, the defendant generally may not challenge the enhanced
2  sentence through a petition under § 2254 on the ground that the prior conviction was
3  unconstitutionally obtained." *Id*. at 403-04 (internal citation omitted).  It is undisputed that
4  Petitioner's 1991 burglary conviction is no longer open to direct or collateral review in its own
5  right.

6       The general rule barring habeas review of a prior conviction may be subject to two
7  exceptions.  An exception applies "[w]hen an otherwise qualified § 2254 petitioner can
8  demonstrate that his current sentence was enhanced on the basis of a prior conviction that was
9  obtained where there was a failure to appoint counsel in violation of the Sixth Amendment . . .."
10  *Id*. at 405  Petitioner does not claim that no counsel was appointed in the burglary case.  To the
11  contrary, he was represented by a public defender.  (Pet'r Ex. G.)  The exception for failure to
12  appoint counsel therefore does not apply in this case.

13       Petitioner relies on another exception, which is said to arise in the rare circumstance
14  when, "a habeas petition directed at the enhanced sentence may effectively be the first and only
15  forum available for review of the prior conviction. " *Coss*, 532 U.S. at 406; *see also Daniels v.*
16  *United States*, 532 U.S. 374, 383 (2001) ("there may be rare cases in which no channel for
17  review was actually available to a defendant with respect to a prior conviction, due to no fault of
18  his own").  Because the Report and Recommendation does not address this exception, it is
19  hereby **MODIFIED** and supplemented.

20       *Coss*, which announced the "rare circumstances" exception in the § 2254 context, is a
21  plurality opinion.  "The divergent reasoning of the justices in and out of the majority," leaves no
22  explicit holding as to this exception.  *See United States v. Kilbride*, __ F.3d __ , 2009 WL
23  3448360 at 11 (9th Cir. Oct. 28, 2009). "When a fragmented Supreme Court decides a case and
24  no single rationale explaining the result enjoys the assent of five Justices, the holding of the
25  Court may be viewed as that position taken by those Members who concurred in the judgment
26  on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1976); *see also Kilbride,*
27  / / / / /
28  / / / / /

2009 WL 3448360 at 11. The court therefore looks for guidance in the areas of agreement among the justices who decided *Coss*.[1] *See Kilbride*, 2009 WL 3448360 at 11.

Justice O'Connor's majority opinion, in which four other justices joined, held that habeas review of the prior conviction used to enhance the sentence for a current conviction was not available under 28 U.S.C. § 2254 when the prior conviction is no longer subject to direct or collateral review in its own right. The opinion notes two exceptions to the rule. The justices considered the rare circumstances exception because, before his most recent conviction, the petitioner had filed a petition for relief from his prior conviction, but the state court never issued a ruling. *Coss*, 532 U.S. at 397, 407-08. However, because the majority found that the prior conviction did not adversely affect the petitioner's most recent sentence, it did not apply the exception and denied habeas review. *Id.* at 406-08. Justices Scalia and Thomas, who concurred in the judgment to deny review, did not join the portion of the majority opinion which presented the rare circumstances exception. *See id.* at 395. Accordingly, only three of the justices in the majority subscribed to the rare circumstances exception.

Four justices dissented in two separate opinions. *Id.* at 408-10 (Souter, J. and Breyer, J., dissenting). Justice Souter's dissent, in which two other justices joined, criticized the majority on a number of grounds, but primarily disagreed with the general rule which denied habeas review for prior convictions. *Id.* at 408 (incorporating his dissent in *Daniels*, 532 U.S. at 387). The dissent further disagreed with the finding that the prior conviction had no adverse effect on the most recent sentence, arguing that the issue should have been remanded. *Id.* at 408-09. Last, it criticized the majority for denying the petitioner the benefit of the rare circumstances exception. *Id.* at 408. Justice Souter's dissent does not endorse the exception because it disagrees with the general rule barring habeas review. Nevertheless, it cannot be viewed as disagreeing with the exception *per se*. Presumably, if the adverse effect of prior conviction were remanded, as the dissenters would have done, and the district court's initial finding that the prior

---

[1] The rare circumstances exception was first announced in *Daniels*, 532 U.S. at 383, in the context of 28 U.S.C. § 2255, decided on the same day as *Coss*. Like *Coss*, *Daniels* is a plurality opinion. *Daniels*, including the concurring and dissenting opinions, does not alter the analysis below.

conviction had an adverse effect on the most recent sentence were affirmed on appeal, the dissenters would want the lower courts to consider whether the rare circumstances exception applied.[2]

Based on the foregoing, it appears that three justices who joined in the majority opinion and possibly three justices who joined in Justice Souter's dissent support the rare circumstances exception. *But see Johnson v. United States*, 544 U.S. 295, 303-04 & n. 4 (noting that the Court "recognized only one exception . . . for challenges to state convictions allegedly obtained in violation of the right to appointed counsel," although the Court "allowed that there may be rare cases in which no channel for review was actually available . . ."); *Resendiz v. Kovensky*, 416 F.3d 952, 959 (9th Cir. 2005) ("[t]o the extent that this rare exception may exist"); *United States v. Marks*, 379 F.3d 1114, 1120 n.4 (9th Cir. 2004) (suggesting that only one exception exists); *Grigsby v. Cotton*, 456 F.3d 727, 730 (7th Cir. 2006) (*Coss* "recognized a single exception" when the prior conviction was obtained in the absence of appointment of counsel).

Assuming, without deciding, that the rare circumstances exception is controlling law, the facts presented by Petitioner do not meet the standard. Petitioner cites to no case where the rare circumstances exception was applied, and the court is aware of none binding on this court. Neither *Coss* nor *Daniels* articulated the standard in any detail, as in each case the court found that the exception did not apply. *See Daniels*, 532 U.S. at 383-84; *Coss*, 532 U.S. at 406-07.

The exception applies when the defendant cannot "be faulted for failing to obtain timely review of a constitutional claim." *Coss*, 532 U.S. at 405.

> For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. [¶] In such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction.

*Id*. at 405-06 (citations omitted).

---

[2] Justice Breyer dissented in a separate opinion. *Id*. at 410. In his opinion, "any discussion of a constitutionally based exception [was] premature" because the case should have been remanded to consider in light of the general rule precluding section 2254 habeas challenges to prior convictions. *Id*. He did not express any opinion about the rare circumstances exception.

Petitioner claims that he is factually innocent of the prior burglary offense because he resided in the residence which he burglarized and could therefore be guilty of grand theft at most. Nevertheless, he cannot establish that his current Petition is effectively the first and only forum available for review of the burglary conviction, or that he could not have uncovered in a timely manner that he was guilty at most of grand theft but not of burglary.

Petitioner admits that he always knew where he lived. (Objections at 10.) When he met with his counsel about the burglary charge, he told him that he lived in the residence he had allegedly burglarized. Petitioner then pled guilty to burglary. (Pet'r Ex. G.) Petitioner does not dispute that a forum for direct and collateral review of his burglary conviction existed and was available to him. The reason he did not timely pursue the available channels of review is that he did not know the materiality of the fact that he lived in the burglarized residence. He became aware of the legal significance of this fact when his counsel raised the issue in attempting to strike the burglary conviction as a strike in the sentencing for his current crimes. (Objections at 10.)

In describing the rare circumstances that could constitute the exception on which Petitioner relies, *Coss* cites to 28 U.S.C. § 2244(b)(2)(D) (1994 ed., Supp. V), "allowing a second or successive habeas corpus application if 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence . . ..'" 532 U.S. at 405. What is relevant to this inquiry is when Petitioner discovered the facts, not when he came to understand their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner discovered no new factual predicate. He knew the factual predicate for his innocence claim when he pled guilty to the prior offense and when the channels for direct and collateral review of the prior offense were still available to him. (Pet'r Ex. G.)

Because Petitioner knew the factual predicate for his innocence claim in time to file a direct or collateral attack on his burglary conviction, his case does not present the "rare circumstance" necessary for an exception to the bar of habeas review as articulated in *Coss*. Accordingly, Petitioner's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED AS MODIFIED** herein, and the Petition is **DENIED**.

Under 28 U.S.C. § 2253(c), Petitioner must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner has not made a substantial showing of the denial of a constitutional right, certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 23, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL